UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,              )
            Plaintiff,                 )
                                       )
        v.                             )      Civil Action No.
                                       )
ONE PAINTING/PASTEL TITLED "Jeune      )
Femme Aux Yeux Bleus"                  )      05 10896 RCL
by Amedeo Modigliani,                  )
            Defendant.                 )

MAGISTRATE JUDGE

**VERIFIED COMPLAINT FOR FORFEITURE IN REM**

The United States of America, by its attorney, Michael J.
Sullivan, United States Attorney for the District of
Massachusetts, in a civil action of forfeiture pursuant to Title
18, United States Code, Section 981(a)(1)(A), alleges that:

1.   This Court has jurisdiction in this matter pursuant to
28 U.S.C. §§ 1345, 1355, and 1356.  Venue is appropriate pursuant
to 28 U.S.C. § 1395.

2.   The in rem defendant property is now, and, during the
pendency of this action, will be within the jurisdiction of this
Court.

3.   The defendant property is described as one painting/
pastel titled "Jeune Femme Aux Yeux Bleus" by Amedeo Modigliani
(the "Defendant Modigliani").

4.   As detailed in the Affidavit of United States Department
of Homeland Security, U.S. Immigration and Customs Enforcement
Special Agent Edward P. Murphy, attached hereto as Exhibit A, and
incorporated herein by reference, the United States has probable
cause to believe that the Defendant Modigliani constitutes

property, real or personal, involved in a money laundering conspiracy, in violation of Title 18, United States Code, Section 1956(h).

5.    The Defendant Modigliani is, therefore, subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(A).

WHEREFORE, the United States of America prays:

1.    That a warrant and monition, in the form submitted herewith, be issued to the Secretary of the Department of Homeland Security, or his designee, commanding him to: (a) seize the Defendant Modigliani, and (b) give notice to all interested parties to appear and show cause why the forfeiture should not be decreed;

2.    That judgment of forfeiture be decreed against the Defendant Modigliani;

3.    That thereafter, the Defendant Modigliani be disposed of according to law; and

4.    For costs and all other relief to which the United States may be entitled.

Respectfully submitted,
MICHAEL J. SULLIVAN
United States Attorney

By: _____
    SHELBEY D. WRIGHT
    Assistant U.S. Attorney
    1 Courthouse Way, Suite 9200
    Boston, MA 02210
    (617) 748-3100

Dated: May 2, 2005

## VERIFICATION

I, Special Agent Edward P. Murphy state that I have read the
foregoing Verified Complaint for Forfeiture In Rem and the
Affidavit, attached as Exhibit A, and that the contents thereof
are true to the best of my knowledge, information and belief.

_____
Edward P. Murphy
Special Agent
United States Department of
Homeland Security
U.S. Immigration and Customs
Enforcement

Dated: May 2, 2005

COMMONWEALTH OF MASSACHUSETTS

Suffolk, ss.                                          Boston

Then personally appeared before me the above-named Special
Agent Edward P. Murphy, who acknowledged the foregoing to be true
to the best of his knowledge, information and belief, on behalf
of the United States of America.

Subscribed to and sworn to before me this 2nd day of May,
2005.

Lisa J. Talbot

Notary Public
My commission expires: 5/29/09

LISA J. TALBOT
Notary Public
Commonwealth of Massachusetts
My Commission Expires
May 29, 2009

4

## EXHIBIT A

## AFFIDAVIT OF EDWARD P. MURPHY

I, Edward P. Murphy, state the following under oath:

1.   I am a Special Agent with the United States Department
of Homeland Security, U.S. Immigration and Customs Enforcement
(ICE) and have been so employed for approximately twenty-two (22)
years.  I was formerly assigned to the Asset Identification &
Removal Group (AIRG) in the Boston Field Office.  As a Special
Agent, I have received training in both Customs and Immigration
law and procedures, including the asset forfeiture provisions
related to those laws.  I am currently a Special Agent in the
Operation Support Group of U.S. Immigration and Customs
Enforcement (ICE).

2.   My duties as a Special Agent in AIRG involved the
identification of property and assets which are subject to
criminal and/or civil forfeiture.  In this position, I traced,
seized and forfeited assets and proceeds derived from or used in
unlawful activities, including money laundering, and narcotics
smuggling.

3.   I submit this affidavit in support of a Complaint for
Forfeiture in rem against one painting/pastel titled "Jeune Femme
aux Yeux Bleus" by Amedeo Modigliani (the "Defendant
Modigliani").  As described in this Affidavit, I have probable
cause to believe that the Defendant Modigliani constitutes

1

property, real or personal, involved in a money laundering conspiracy, in violation of Title 18, United States Code, Section 1956(h), and is, therefore, subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(A).

4.   This civil forfeiture stems from a criminal investigation and prosecution of defendants Shirley Sack ("Sack") and Arnold Katzen ("Katzen"). Sack and Katzen were indicted on or about November 13, 2001, on charges of Money Laundering Conspiracy (18 U.S.C. § 1956(h)), and Attempted Money Laundering (18 U.S.C. § 1956(a)(3)). The Indictment charged that Sack and Katzen conspired to conduct and attempt to conduct financial transactions affecting interstate and foreign commerce and involving property, to wit: $4,100,000 in United States currency that was represented by a law enforcement officer to be proceeds of specified unlawful activity, to wit: illegal narcotics trafficking and importation, in violation of 21 U.S.C. §§ 841, 846, and 952; with the intent to promote the carrying on of specified unlawful activity, to wit: illegal narcotics trafficking and importation, and with the intent to conceal and disguise the nature, location, source, ownership, and control of property believed to be the proceeds of such specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(3)(A) and (B).

5.   As part of the money laundering conspiracy, Shirley Sack promoted herself as a dealer in fine art who was capable of

2

selling various works of art to be paid for in cash, as a way to launder money earned through illegal drug trafficking. Arnold Katzen promoted himself as the proprietor of American European Art Associates, located at 1100 Madison Avenue in New York City, and as an international dealer in fine art who was capable of selling various works of art to be paid for in cash, as a way to launder money earned through illegal drug trafficking. Sack and Katzen offered to resell overseas any works of art first sold by them to an undercover agent whom they believed to be involved in illegal drug trafficking.

6.     On March 22, 2001, an individual, acting on behalf of Sack, executed a commission agreement with two individuals who claimed to represent a client who was interested in purchasing a piece of art by Raphael Sanzio entitled "St. Benedict Receiving Mauro and Placido" (the "Raphael") for approximately $12,000,000 in U.S. currency. On March 27, the individual traveled to Boston, Massachusetts, met in the lounge of the Four Seasons Hotel with an undercover agent, and showed documents to the undercover agent purporting to authenticating the Raphael.

7.     On April 8, 2001, the individual, acting on behalf of Sack, sent a package to an undercover agent that contained documents detailing two pieces of art, the Defendant Property, Amedeo Modigliani's "Jeune Femme aux Yeux Bleus" (the "Defendant Modigliani"), and Edgar Degas' "La Coiffure", along with a typed

3

letter. On April 18, 2001, the individual traveled to Boston and met with an undercover agent at the Hilton Hotel in Dedham, Massachusetts. On April 24, 2001, Sack telephoned a cooperating witness and asked the cooperating witness if s/he was sure the prospective buyer (who was an undercover agent) was "not FBI".

8. On May 4, 2001, Sack and Katzen met with the undercover agent and a cooperating witness at Katzen's office at American European Art Associates in New York City, to discuss selling the Defendant Modigliani and the Degas to the undercover agent for approximately $4,100,000 in U.S. currency. Katzen suggested to the undercover agent that they first wrap up the deal for the Defendant Modigliani and the Degas, take a month or two, and then move on to another deal with additional works of art. Katzen also suggested exporting the works of art out of the United States for resale. Sack and Katzen explained to the undercover agent that it could take them six months to one year to resell the Defendant Modigliani and the Degas.

9. Between May 7 and May 17, 2001, Katzen sent a package to the undercover agent that contained copies of the same documents that had previously been sent on April 8. The documents purported to authenticate the Defendant Modigliani and the Degas. On May 17, 2001, Katzen spoke by telephone with the undercover agent and told the undercover agent that he (Katzen) was going out of town at the end of May and wanted to get the

4

transactions completed before he left. On May 25, 2001, Katzen again spoke to the undercover agent and told the undercover agent that they could build up an inventory in Europe and market that inventory creatively, and establish a long-term relationship in moving "large amounts." Katzen also asked the undercover agent in whose name the bill of sale should be prepared.

10. Katzen and Sack traveled to Boston and checked into the Ritz Carlton Hotel in Boston. On May 30, 2001, Sack and Katzen met with the undercover agent in a hotel room in Boston. They informed the undercover agent that the Defendant Modigliani and the Degas were stored at the Ritz Carlton Hotel in Boston, and that they were ready to complete the deal. Katzen told the undercover agent that he had prepared the bill of sale for the paintings and had listed the buyer as Universal Investments. The undercover agent had previously told Katzen that "Universal Investments" was a straw company.

11. On May 31, 2001, Sack and Katzen met with the undercover agent at the Seaport Hotel in Boston, where they unwrapped and displayed the Defendant Modigliani and the Degas. Sack and Katzen produced a bill of sale listing the Degas, the Defendant Modigliani, the sale price of $4,100,000 and the buyer's name as "Universal Investments." They also produced a money counting machine and proceeded to count approximately $300,000 in cash which the undercover agent offered as the first

5

installment of the $4,100,000. Shortly thereafter, Sack and Katzen were placed under arrest.

12. On February 24, 2004, Katzen pleaded guilty to a Superseding Information charging one count of violating 18 U.S.C. § 371. The United States dismissed the November 13, 2001, money laundering Indictment. As part of his plea agreement, however, Katzen expressly agreed to not assert any ownership interest or contest the forfeiture of the Defendant Modigliani.

13. On March 22, 2004, Sack also pleaded guilty to a Superseding Information charging one count of violating 18 U.S.C. § 371. The United States dismissed the November 13, 2001, money laundering Indictment. As part of her plea agreement, Sack expressly agreed to consent to the forfeiture of any interest she may have regarding the Defendant Modigliani.

14. Based on the information described above, I have probable cause to believe that the Defendant Modigliani constitutes property, real or personal, involved in a money laundering conspiracy, in violation of Title 18, United States Code, Section 1956(h), and is, therefore, subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(A).

6

Signed under the pains and penalties of perjury this $2nd$ day of May, 2005.

*Edward P. Murphy*

Edward P. Murphy
Special Agent
United States Department of Homeland
Security
U.S. Immigration and Customs Enforcement

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

United States of America

## DEFENDANTS

One Painting/Pastel Titled "Jeune Femme aux Yeux Bleus" by Amedeo Modigliani

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Shelbey D. Wright, Assistant U.S. Attorney
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210  (617) 748-3100

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 U.S. Government
Plaintiff

☐ 2 U.S. Government
Defendant

☐ 3 Federal Question
(U.S. Government Not a Party)

☐ 4 Diversity
(Indicate Citizenship of Parties
in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF
(For Diversity Cases Only)                                         AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original
Proceeding

☐ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
another district
(specify)

☐ 6 Multidistrict
Litigation

☐ 7 Appeal to District
Judge from
Magistrate
Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury – Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS – Third Party 26 USC 7609 | |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Government intends on forfeiting defendant painting, pursuant to 18 U.S. § 981(a)(1)(A).

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ YES  ☐ NO

## VIII. RELATED CASE(S) (See instructions):
IF ANY

JUDGE  Reginald C. Lindsay

DOCKET NUMBER  01-10419-RCL
04-10627-RCL

DATE _____

SIGNATURE OF ATTORNEY OF RECORD _____

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only)  United States of America v. One Painting/Pastel Titled "Jeune Femme aux Yeux Bleus" by Amedeo Modigliani

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local rule 40.1(a)(1)).

___ I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

___ II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
          740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.      for patent, trademark or copyright cases

___ III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
          315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
          380, 385, 450, 891.

XX  IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
          690, 810, 861-865, 870, 871, 875, 900.

___ V.    150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

United States v. Arnold Katzen et al., Criminal Action No. 01-10419-RCL

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?  YES ☒  NO ☐

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?  (See 28 USC §2403)  YES ☐  NO ☒

If so, is the u.s.a. or an officer, agent or employee of the u.s. a party?  YES ☐  NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 usc §2284?  YES ☐  NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the commonwealth of massachusetts ("governmental agencies"), residing in massachusetts reside in the same division? - (See local rule 40.1(d)).  YES ☐  NO ☐

A. If yes, in which division do all of the non-governmental parties reside?
Eastern Division ☐    Central Division ☐    Western Division ☐

B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
Eastern Division ☐    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)  N/A  YES ☐  NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Shelbey D. Wright, Assistant U.S. Attorney
ADDRESS  United States Attorney's Office, 1 Courthouse Way. Suite9200, Boston, MA 02210
TELEPHONE NO.  617-748-3100

(Cover sheet local.wpd - 09/12/02)